89 F.3d 844
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Walter BRENES-SILVA; Rosa A. Torres De Brenes, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70106.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 29, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Walter Brenes-Silva and his wife Rosa A. Torres De Brenes, natives and citizens of Nicaragua, petition for review of the Board of Immigration Appeals' decision affirming the Immigration Judge's denial of their claims for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a) and 1253(h), and grant of voluntary departure. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and deny the petition for review.
 
 
 3
 Petitioners' claims are based upon Brenes-Silva's claims of past persecution and fear of future harm from the Sandinistas, who controlled the government at the time they departed Nicaragua in 1987.[1] We review the Board's determination that petitioner failed to demonstrate past, or a well-founded fear of future, persecution on account of membership in a particular social group or political opinion for substantial evidence. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).
 
 
 4
 Here, while the record shows that Brenes-Silva's grandfather was jailed in 1979 for seven years because he was a member of the Somoza National Guard, there is no evidence linking this event to a pattern of persecution involving Brenes-Silva. Without such a pattern, Brenes-Silva cannot show persecution or a well-founded fear of persecution based on the mistreatment of his grandfather. See Arriaga-Barrientos v. INS, 937 F.2d 411, 414 (9th Cir.1991). The record indicates that Brenes-Silva was a member of an unnamed anti-Sandinista youth organization, and that he was once warned by the leader of the Sandinista youth organization to "be careful."
 
 
 5
 Brenes-Silva further testified that in 1986, he was detained for a day, beaten and interrogated by Nicaraguan security officials who warned him not to continue his student political activities. He went "into hiding" at the home of his grandfather, continued his political activities, and curtailed his studies. One year later, he was beaten after being caught with a companion painting anti-Sandinista slogans on walls. While offensive, these incidents occurred a year apart, at the hands of different people, and do not necessarily indicate that Brenes-Silva was being singled out. See Prasad v. INS, 47 F.3d 336, 339-40 (9th Cir.1995); Kotasz v. INS, 31 F.3d 847, 851-53 (9th Cir.1994). While a reasonable factfinder could find these incidents sufficient to establish past persecution, we cannot conclude a factfinder would be compelled to do so. See Prasad, 47 F.3d at 340. Further, there is no specific evidence in the record that the Sandinistas, following their removal from power, have imprisoned or otherwise harmed or sought to harm any individual for his generalized participation in student opposition groups years earlier.[2] This, coupled with the fact that petitioner's father, mother, and grandfather have remained in Nicaragua unharmed, does not compel a reasonable factfinder to find a well-founded fear of future persecution on account of one of the statutorily enumerated factors. See Kazlauskas v. INS, 46 F.3d 902, 906 n. 3 (9th Cir.1995) (stating that fundamental political changes are highly relevant to the likelihood of future persecution); Prasad, 47 F.3d at 339 (noting undisturbed presence of family members in the home country relevant to the evaluation of the applicant's fear).
 
 
 6
 Finally, because we conclude there was substantial evidence to support the Board's conclusion that Brenes-Silva failed to satisfy the statutory eligibility threshold for asylum, it follows that he failed to meet the more demanding standard for withholding of deportation. See Kazlauskas, 46 F.3d at 907. Because petitioners have not prevailed on appeal, their request for attorneys' fees is denied. See 28 U.S.C. § 2412(b).
 
 
 7
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Petitioners' request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Torres de Brenes does not assert any individual grounds for asylum, so her asylum eligibility relies entirely upon her husband's claim under 8 U.S.C. § 1158(a)
 
 
 [2]
 To the extent Brenes-Silva asks that we consider information not before the Board, we cannot. Fisher v. INS, 1996 WL 146681, * 7-8 (9th Cir.1996)